106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL BROADCASTING COMPANY, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 95-1522.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 11, 1996.
 
 Before WALD, WILLIAMS and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 National Broadcasting Company ("NBC") petitions for review of a decision of the NLRB finding that NBC had violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (a)(5) (1994), when it refused to disclose information on the operations and employee base of CNBC, an NBC cable subsidiary, and the News Channel, a news service subsidiary, in response to a request from the American Federation of Radio and Television Artists ("the Union"). The NLRB seeks enforcement of its remedial order.
 
 
 2
 The Union sought information on CNBC and the News Channel primarily to determine whether the two subsidiaries were "domestic network news bureaus" of their parent corporation, and therefore subject to the Union's two collective-bargaining agreements with NBC. Although barely sufficient, the ALJ's findings support the conclusion that the Union's information request was relevant and that the Union was acting in good faith when it made the request. Although the ALJ did not make explicit credibility findings, given the nature of the evidence presented to him it is quite clear that his decision was based on a set of "implicit" credibility findings, which were within his discretion, and which provided ample foundation for his decision. None of the Petitioner's evidence was so compelling that the ALJ could not reasonably give precedence to the testimony of the Union's representatives.
 
 
 3
 NBC argues that the Union had no good-faith belief that it was entitled to the information because adding employees previously not covered by the Union's agreements with NBC would have constituted an unlawful accretion. See Teamsters National United Parcel Service Negotiating Committee v. NLRB, 17 F.3d 1518, 1521 (D.C.Cir.1994) ("When a group has in fact been excluded for a significant period of time from an existing [bargaining] unit, the Board will not permit their accretion without an election or a showing of majority among them even if no other union could obtain representative status for them.") (quoting Laconia Shoe, 215 N.L.R.B. 573, 576 (1974)). Because historical exclusion cannot conclusively be said to be present in this case, this question is more properly one for arbitration.
 
 
 4
 NBC also argues that neither the ALJ nor the Board performed the necessary assessment of the information request to ensure that each portion of the request was relevant. But NBC itself failed to make specific objections to the information requested, relying primarily on sweeping legal arguments under which no information would be needed. To the extent NBC objected in detail, it claimed either that the information was unavailable (in which case it will be impossible to provide, and thus not burdensome), or already in the hands of the Union (in which case some non-burdensome solution should be readily attainable).
 
 
 5
 The petition for review is denied. The Board's cross-application for enforcement is granted.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).